JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
By: KAMIKA S. SHAW
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2768
E-mail: kamika.shaw@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>             Plaintiff, <br><br>      -v- <br><br> MAYURDHWAJSINH SISHODIA, <br><br>             Defendant. | No. 26 Civ. 6743 <br><br> **COMPLAINT** |

Plaintiff the United States of America (the "United States"), by its attorney, James M. McDonald, United States Attorney for the Southern District of New York, brings this civil action against Defendant Mayurdhwajsinh Sishodia ("Sishodia" or "Defendant") under the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 *et seq.*, and alleges upon information and belief as follows:

### INTRODUCTION

1.      Congress passed the BSA to facilitate and monitor compliance with currency regulation and tax laws. As part of this function, the BSA combats tax evasion and abusive tax schemes using offshore bank accounts, particularly in jurisdictions with bank secrecy laws that may hinder the enforcement of U.S. law.

2

2.      From 2010 to 2014, Sishodia had a financial interest in an account at HSBC Bank India ("HSBC"), a financial institution incorporated in India.

3.      During the period at issue, the account at HSBC held a maximum balance of $1,363,522.

4.      After examination, the Internal Revenue Service ("IRS") concluded Sishodia willfully failed to disclose his interests in foreign accounts to U.S. authorities by filing the required report of foreign financial accounts commonly known as the "FBAR."

5.      On August 6, 2024, the IRS assessed penalties against Sishodia totaling $340,880 for his willful violation of the FBAR disclosure requirement as to his HSBC account for calendar years 2010 through 2014.

6.      The United States brings this suit to collect the unpaid civil penalties assessed against Sishodia for his willful failure to report his financial interests in foreign financial accounts in calendar years 2010 to 2014, as required by 31 U.S.C. § 5314 and its implementing regulations.

## JURISDICTION AND VENUE

7.      The United States brings this suit under 31 U.S.C. §§ 3711(g)(4)(C) and 5321(b)(2), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Commissioner of the IRS, a delegate of the Secretary of the Treasury of the United States.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the action seeks the recovery of a civil penalty, and the United States is the plaintiff.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b), because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## REGULATORY BACKGROUND

10.      The Secretary of the Treasury is authorized by statute to require United States persons to report certain transactions with foreign financial agencies.  *See* 31 U.S.C. § 5314. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country," is required to report that interest for "each year in which such relationship exists." 31 C.F.R. § 1010.350(a).[1]

11.      A U.S. person for this purpose is a citizen of the United States or a resident alien, including any lawful permanent resident or any person meeting the substantial presence test under 26 U.S.C. § 7701(b)(3). *See* 31 C.F.R. § 1010.350(b).

12.      To fulfill the reporting requirement, a U.S. person is required to file a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, also known as an "FBAR," or any successor form,[2] by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c); *see Crawford v. U.S. Dep't of Treasury*, 868 F.3d 438, 450 (6th Cir. 2017) ("[FBAR] [r]eporting is required for accounts held during the previous calendar year if 'the aggregate value of all foreign financial accounts exceeded $10,000 at any time during the calendar year reported.'").

---

[1] The regulations implementing 31 U.S.C. § 5314 were amended during the relevant time period. went became effective on February 28, 2011.  No relevant changes were made to the regulations. This complaint cites the amended regulations.

[2] As of 2013, Form TD F 90-22.1 was replaced with FinCEN Form 114 as the required form for filing an FBAR.

3

13.     Civil penalties may be imposed for willful failure to comply with the reporting requirements of § 5314. 31 U.S.C. § 5321(a)(5). Specifically, §5321(a)(5)(C) provides for a maximum penalty for a willful violation of the greater of $100,000 or 50% of the balance in the account at the time of the violation.

14.     The penalty set forth under 31 U.S.C. § 5321(a)(5)(C), if not timely paid, is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

**FACTUAL BACKGROUND**

15.     At the relevant times, Sishodia was a naturalized citizen of the United States.

16.     From 2010 to 2014, Sishodia was a U.S. person and resided in New York.

17.     Sishodia initially filed individual U.S. tax returns for tax years 2010 to 2011, and joint tax returns with his spouse, Yu-Ching Chang, for tax years 2012 through 2014 that failed to disclose that Sishodia had interests in foreign accounts in India during this time period.

18.     On May 22, 2017, Sishodia filed amended individual returns for tax years 2010 and 2011, and amended joint tax returns for tax years 2012 to 2014.

19.     Sishodia also filed belated FBARs for tax years 2010 to 2014 on May 31, 2017.

20.     These delinquent FBARs disclosed to the IRS for the first time that Sishodia had an interest in a foreign account in India.

21.     During calendar years 2010 through 2014, Sishodia resided at 330 East 38th Street, Apt 16G, New York, New York 10016, which is in New York County.

**A.      Sishodia's Interest in an Account at HSBC in India**

22.     During calendar years 2010 to 2014, Sishodia had a financial interest in, or signature or other authority over, HSBC account XXX-XX7671[3] (the "HSBC Account").

23.     The HSBC Account included several subaccounts: three savings accounts numbered XXX-XXXXX1-008, XXX-XXXXX1-006, XXX-XXXXX1-007 and two fixed deposits and unit trusts numbered XXX-XXXXX1-052, XXX-XXXXX1-053.

24.     The HSBC Account was a bank, securities, or other financial account in a foreign country.

25.     The HSBC Account was opened on January 24, 2008, in Sishodia's name.  The HSBC account was held jointly with Sishodia's brother, Ranvirsingh Jayant Sishodia.

26.     A HSBC document dated December 9, 2015, certified that Sishodia and his brother jointly held the HSBC Account.  Defendant's name appeared on bank statements for the HSBC Account.

27.     Until January 9, 2010, the mailing address associated with the HSBC Account was 1/1/ Breach Candy Apts. 70/C Bhulabhai Desai Road, Mumbai 400026, India.  On January 9, 2010, the mailing address for the account was changed to 330 East 38th Street, Apt. 16G, New York, New York 10016, which is Sishodia's address.

28.     Sishodia failed to timely disclose his interest in the HSBC Account on a Schedule B ("Schedule B") to his Form 1040 individual tax return, which requires the taxpayer to indicate whether he has "a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country," in tax years 2010, 2011, 2012, and 2014.  For tax year 2013, Sishodia included a Schedule B with his

---

[3] Pursuant to federal Rule of Civil Procedure 5.2(a)(4), all but the last four digits of financial account numbers herein are redacted.

return that falsely represented he had no interest in or authority over any foreign financial accounts.

29.    Despite his awareness of the FBAR disclosure requirement, Sishodia willfully failed to disclose his interest in the HSBC Account by failing to file timely FBARs for calendar years 2010 through 2014, as further set forth below. The balance of the HSBC Account exceeded $10,000 in 2010.

### i.   Calendar Year 2010

30.    The balance of the HSBC Account exceeded $10,000 in 2010.

31.    The 2010 maximum value of the HSBC Account was 60,949,443.87 Indian rupees ("INR"), or approximately $1,363,522.23.  The 2010 year-end balance of the HSBC Account was INR 54,137,525.98, or approximately $1,211,130.  On June 10, 2011, the balance of the HSBC Account was INR 22,634,068.09, or approximately $433,188.

32.    The deadline for filing an FBAR for calendar year 2010 was June 30, 2011. Sishodia failed to file an FBAR to report his interest in the HSBC Account for calendar year 2010 by this deadline.  Accordingly, Sishodia failed to timely disclose the HSBC Account for calendar year 2010, as required by 31 U.S.C. § 5314.

33.    Sishodia's failure to file an FBAR for the HSBC Account for calendar year 2010 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### ii.  Calendar Year 2011

34.    The balance of the HSBC Account exceeded $10,000 in 2011.

35.    The 2011 maximum value of the HSBC Account was INR 55,157,831.43, or approximately $1,055,652.28.  The 2011 year-end balance of the HSBC Account was INR 17,419,941.52, or approximately $333,396.  On June 9, 2012, the balance of the HSBC Account was INR 17,072,662.12, or approximately $313,548.

36.    The deadline for filing an FBAR for calendar year 2011 was June 30, 2012. Sishodia failed to file an FBAR to report his interest in the HSBC Account for calendar year 2011 by this deadline.  Accordingly, Sishodia failed to timely disclose the HSBC Account for calendar year 2011, as required by 31 U.S.C. § 5314.

37.    Sishodia's failure to file an FBAR for the HSBC Account for calendar year 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### iii.  Calendar Year 2012

38.    The balance of the HSBC Account exceeded $10,000 in 2012.

39.    The 2012 maximum value of the HSBC Account was INR 17,072,662.12, or approximately $313,548.  The 2012 year-end balance of the HSBC Account was INR 12,568,427.18, or approximately $231,192.  On June 10, 2013, the balance of the HSBC Account was INR 8,920,435.03, or approximately $145,048.

40.    The deadline for filing an FBAR for calendar year 2012 was June 30, 2013. Sishodia failed to file an FBAR to report his interest in the HSBC Account for calendar year 2012 by this deadline.  Accordingly, Sishodia failed to timely disclose the HSBC Account for calendar year 2012, as required by 31 U.S.C. § 5314.

41.    Sishodia's failure to file an FBAR for the HSBC Account for calendar year 2012 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### iv.  Calendar Year 2013

42.    The balance of the HSBC Account exceeded $10,000 in 2013.

43.    The 2013 maximum value of the HSBC Account was INR 9,287,203.56, or approximately $180,024.  The 2013 year-end balance of the HSBC Account was INR 5,150,192.59, or approximately $83,743.  On June 10, 2014, the balance of the HSBC Account was INR 502,158.27, or approximately $7,947.

7

44.     The deadline for filing an FBAR for calendar year 2013 was June 30, 2014. Sishodia failed to file an FBAR to report his interest in the HSBC Account for calendar year 2013 by this deadline.  Accordingly, Sishodia failed to timely disclose the HSBC Account for calendar year 2013, as required by 31 U.S.C. § 5314.

45.     Sishodia's failure to file an FBAR for the HSBC Account for calendar year 2013 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### v.  Calendar Year 2014

46.     The balance of the HSBC Account exceeded $10,000 in 2014.

47.     The 2014 maximum value of the HSBC Account was INR 6,658,317.19, or approximately $105,370.

48.     The deadline for filing an FBAR for calendar year 2014 was June 30, 2015. Sishodia failed to file an FBAR reporting his interest in the HSBC Account for calendar year 2014 by this deadline.  Accordingly, Sishodia failed to timely disclose the HSBC Account for calendar year 2014, as required by 31 U.S.C. § 5314.

49.     Sishodia's failure to file an FBAR for the HSBC Account for calendar year 2014 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

**B.     Defendant Failed Materially Inaccurate or Incomplete Tax Returns and FBARs**

50.     Sishodia initially filed individual tax returns for tax years 2010 and 2011 in October 2011 and March 2013, respectively.  Sishodia's initial 2010 and 2011 tax returns did not include Schedule B, even though Sishodia had an interest in the HSBC Account during these years.  Sishodia's 2010 and 2011 returns were prepared by Rajesh R. Shah, a Certified Public Accountant.

51.     Sishodia and his spouse, Yu-Ching Chang, filed joint initial tax returns for tax years 2012, 2013 and 2014. These returns were prepared by Mitesh Jain, a Certified Public

8

Accountant.  The tax returns for tax years 2012 and 2014 did not include Schedules B even though Sishodia had an interest in the HSBC Account during those years.

52.     Sishodia's 2013 joint tax return included a Schedule B that falsely represented that he did not have "an interest in or a signature or other authority over a financial account in a foreign country" for that year, even though he had an interest in the HSBC Account in 2013.

53.     On May 22, 2017, Sishodia (and, for tax years 2012-2014 his spouse) filed amended tax returns for tax years 2010 through 2014.  These amended returns did not include Schedules B that disclosed Sishodia's interest in the HSBC account.

54.     On May 31, 2017, Sishodia submitted delinquent FBARs for calendar years 2010-2014 that disclosed his interest in the HSBC Account.

**C.     Examination and Assessment of Civil Penalties**

55.     In 2014, the IRS began an examination of Sishodia's tax returns.

56.     The IRS asked Sishodia to submit to an interview with an IRS examiner. Sishodia was interviewed on May 28, 2014.  During this initial interview, Sishodia did not disclose that he had an interest in a foreign bank account.

57.     On October 26, 2015, the IRS asked Sishodia to submit to another interview regarding his FBAR compliance, with an IRS examiner on November 9, 2015.  Sishodia did not comply with the request.

58.     On November 10, 2015, the IRS issued a summons to Sishodia to appear for a second interview.  Sishodia engaged counsel, who asked to meet with the IRS before any interview.

59.     The IRS interviewed Sishodia for a second time on March 18, 2016.  During this interview, Sishodia admitted that he held a joint account located in India with his brother and

that he received monthly statements for the account.  Sishodia also stated that he agreed to open the account to assist his brother, who was at the time in divorce proceedings.

60.    On April 27, 2018, after concluding its examination of Sishodia's income tax returns, the IRS proposed penalties against him for his willful failure to file FBARs with respect to the HSBC Account.

61.    On August 18, 2023, Sishodia's representative agreed in writing to extend the time within which the IRS may assess FBAR penalties for calendar years 2010, 2011, 2012, 2013 and 2014 until December 31, 2024.

62.    August 6, 2024, the IRS assessed penalties totaling $340,880.56 against Sishodia for his willful failure to disclose the HSBC Account by filing timely FBARs from 2010 to 2014. Specifically, the IRS assessed the following penalties against Sishodia:

- For 2010: penalties totaling $151,801.90 for willful failure to disclose the HSBC Account;

- For 2011: penalties totaling $117,526.52 for willful failure to disclose the HSBC Account;

- For 2012: penalties totaling $34,907.47 for willful failure to disclose the HSBC Account;

- For 2013: penalties totaling $16,869.75 for willful failure to disclose the HSBC Account; and

- For 2014: penalties totaling $19,774.92 for willful failure to disclose the HSBC Account.

63.    On August 12, 2024, the IRS sent Sishodia a demand for payment of the FBAR penalties assessed against him. Sishodia has not paid the assessed amount.

64.    Since the date on which the IRS assessed FBAR penalties against Sishodia, interest and additional penalties have accrued, and continue to accrue, on the penalties pursuant to 31 U.S.C. § 3717(a)-(e).

**CLAIM FOR RELIEF**
**Judgment for Civil Penalties Against Mayurdhwajsinh Sishodia, 31 U.S.C. § 5321(a)(5)**

65. The allegations in paragraphs 1 through 64 are repeated and realleged as though set forth fully herein.

66. The United States seeks to collect the FBAR penalties that the IRS assessed against Defendant on August 6, 2024, except to the extent those amounts exceed the statutory maximum under 31 U.S.C. § 5321(a)(5)(C) as determined by the Court in accordance with law, plus interest and additional penalties that have accrued and continue to accrue as provided by law.

67. Defendant owes the United States the FBAR penalties totaling $340,881.00, except to the extent those amounts exceed the statutory maximum under 31 U.S.C. § 5321(a)(5)(C) as determined by the Court in accordance with law, plus associated penalties and interest pursuant to 31 U.S.C. § 3717, which continue to accrue, less any amounts collected.

68. The United States may bring suit to recover the FBAR penalties assessed under 31 U.S.C. § 5321(a) at any time before the end of the two-year period beginning on the date the FBAR penalties were assessed. 31 U.S.C. § 5321(b)(2)(A). This action is brought within the two-year limitations period.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff the United States of America respectfully requests that the Court enter judgment:

(a) awarding the United States the amount of the FBAR penalties assessed against Defendant Mayurdhwajsinh Sishodia totaling $340,881, except to the extent those amounts exceed the statutory maximum under 31 U.S.C. § 5321(a)(5)(C) as determined by the Court in accordance

11

with law, plus interest and additional penalties as allowed by law from August 6, 2026, to the date

of payment; and

(b)    granting the United States its costs incurred in connection with this action, along

with such further relief as the Court may deem just and proper.

Dated:    August 6, 2026
          New York, New York

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By:    /s/ *Kamika S. Shaw*
Kamika S. Shaw
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2768
E-mail: kamika.shaw@usdoj.gov